ORIGINAL FILED
03 MAY -1 PM 2: 47
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  CHRISTOPHER G. COSTIN (CSB No. 070501)
   PETER L. SIMON (CSB No. 178393)
2  STEVEN J. BLEASDELL (CSB No. 191522)
   BEYERS, COSTIN & CASE
3  917 College Avenue
4  Santa Rosa, California 95402-0878
   Telephone: 707.545.0142
5  Facsimile: 707.526.2746

6  RICHARD C. RYBICKI (CSB 160096)
7  BRANDON R. BLEVANS (CSB 197281)
   RYBICKI & BLEVANS, LLP
8  50 Old Courthouse Square; Suite 311
   Santa Rosa, CA 95404-4923
9  Telephone: 707.524.7000
10 Facsimile: 707.546.6800

11 Attorneys for Plaintiffs
   ERIK BREISACHER, GLORIA DELLEPERE, ANTHONY
12 EBRIGHT, ROBERT GRIJALVA, SHERRY NEGRETE, JASON
   OLDFIELD, DEBBIE JOHNSON, DIANA MITCHELL, ROBIN
13 ROTH, THOMAS STARK and TODD STEVENS,

                UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

                                              C 03-2007

| | |
|---|---|
| ERIK BREISACHER, GLORIA DELLEPERE, ANTHONY EBRIGHT, ROBERT GRIJALVA, SHERRY NEGRETE, JASON OLDFIELD, DEBBIE JOHNSON, DIANA MITCHELL, ROBIN ROTH, THOMAS STARK and TODD STEVENS,<br><br>Plaintiffs,<br>vs.<br><br>WASHINGTON MUTUAL BANK, FA, WASHINGTON MUTUAL, INC., DIME BANCORP, INC. and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**EDL**<br><br>**COMPLAINT FOR OVERTIME WAGES; LIQUIDATED DAMAGES; INJUNCTIVE RELIEF; WAGE PENALTIES FOR MISSED REST & MEAL PERIODS; WAITING-TIME PENALTIES; UNFAIR BUSINESS PRACTICES; ATTORNEYS' FEES, INTEREST AND COSTS** |

1
COMPLAINT

## JURISDICTION AND VENUE

1. This action is brought in federal district court pursuant to specific federal question jurisdiction under 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which states: "An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2. This action is also brought in federal district court pursuant to diversity jurisdiction granted under 28 U.S.C. § 1332. Plaintiffs allege non-federal counts for violation of 8 Cal. Code Reg. § 11040 ("IWC Wage Order No. 4"), as amended during the time periods relevant to the Plaintiffs' claims, as well as California Labor Code sections 203, 226.7, 510, 512, 1198 and 1194(a) and California Business and Professions Code section 17200, *et seq.* The Court has original diversity jurisdiction over these claims because all Plaintiffs are citizens of the State of California, while Defendants are corporations incorporated under the laws of foreign states and having their principal places of business in foreign states. Furthermore, the amount in controversy exceeds $75,000 as to each Plaintiff, exclusive of interest and costs. Even if there were no diversity between the parties, this United States District Court has supplemental jurisdiction over the Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367. Like Plaintiffs' federal claims, the state law claims arise from Defendants' pay practices and form part of the same case or controversy as Plaintiffs' federal claims under Article III of the United States Constitution.

3. Venue is proper in the United States District Court, Northern District of California, because all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred within Sonoma County, California, which lies within the United States District Court, Northern District of California. Venue therefore is appropriate under 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2).

4. Venue is also proper in the United States District Court, Northern District of California, because all defendants are corporations and, by conducting business within Sonoma County, California, have maintained contacts sufficient to subject them to personal jurisdiction within this judicial district. This Court has personal jurisdiction over Defendants because each of them conducted business in this District. Each, at some time relevant hereto, operated a call center where it employed loan officers such as Plaintiffs. Defendants profited by their employees' activities in this District. Venue is therefore appropriate under 28 U.S.C. § 1391(c).

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Civil L.R. 3-2(c) and(d), this action is properly assigned to either the San Francisco or Oakland division of this Court because a substantial portion of the events giving rise to this dispute occurred in Sonoma County, California.

## THE PARTIES

6. Plaintiffs, and each of them, are current or former loan officers employed by Washington Mutual Bank, FA, and/or its predecessors in interest, Dime Bancorp, Inc. and/or North American Mortgage Company, a Dime Company (collectively "WaMu") within the last four (4) years ("Liability Period"). Plaintiffs, and each of them, worked in excess of 8 hours in a workday and/or 40 hours in a workweek within the Liability Period. Plaintiffs were not compensated when required by either state or federal law for hours worked in excess of 8 in one workday or 40 in one workweek during the Liability Period. Plaintiffs also did not receive premium pay when required by state law for hours worked over twelve in one workday day or on the seventh day of work in a single workweek.

7. Plaintiffs, and each of them, are or were employed by WaMu at its call center located in the city of Santa Rosa, County of Sonoma, State of California.

8. Defendant Washington Mutual Bank, FA is a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington. Defendant Dime Bancorp, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York.

9. Plaintiffs, or some of them, were employed by Dime Bancorp, Inc. ("Dime") and/or North American Mortgage Company (later known as North American Mortgage Company® a Dime Company) ("NAMC"). Dime Bancorp, Inc. purchased NAMC in a manner that, on information and belief, rendered Dime the successor employer of former NAMC employees. Dime obtained both the assets and liabilities of NAMC, and continued operations relative to Plaintiffs' positions at the Santa Rosa call center in the same manner and in the same location.

10. On information and belief, Plaintiffs allege that Defendant Washington Mutual Bank, FA ("Washington Mutual Bank") purchased all the assets and liabilities of Dime and/or NAMC. At that time, defendant Washington Mutual Bank became the successor employer of all plaintiffs who were former Dime and/or NAMC employees.

11. At all times relevant to this complaint, the wage and hour policies and all related employee compensation policies of Plaintiffs, and other employees in the same job position of Plaintiffs, are and were dictated by, controlled by, and ratified by WaMu.

12. At all times herein mentioned, each defendant was an agent, servant, employee and/or joint venturer of each of the remaining defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each defendant has ratified, approved, and authorized the acts of each of the remaining defendants with full knowledge of said acts.

13. Plaintiffs are ignorant of the true names and capacities of Defendants sued under the fictitious names as DOES 1-10, herein.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.     Plaintiffs, in performing services as loan officers, were treated by all Defendants as "non-exempt" employees. The electronic profile of each Plaintiff contained on Washington Mutual's intranet site indicates that Plaintiffs are "non-exempt" employees.

15.     For most of the Liability Period, Plaintiffs were compensated on commissions only. During that time, WaMu compensated no Plaintiff on a salary basis. More recently, Washington Mutual Bank began compensating Plaintiffs with a "draw" and commissions based on a percentage of the value of loans funded. The draw amount was deducted against commissions. The "draw" amount is based solely on a base hourly rate (differing among Plaintiffs) of approximately $10.00 per hour. For those Plaintiffs who recorded and were paid for some overtime hours despite Defendants instructions and practice, the overtime rate was increased above the base hourly rate. However, this compensation system did not satisfy state or federal law because the commissions earned by Plaintiffs were not aggregated with the base hourly rate in determining either the regular rate of pay or applicable overtime premiums.

16.     Defendants engaged in a deceptive practice of "requiring" Plaintiffs to fill out timesheets to report hours worked each day. However, as part of this deceptive practice, Defendants repeatedly instructed Plaintiffs not to report the overtime hours they worked. In some instances, Defendants' managers and supervisors altered timesheets to remove overtime hours that had been reported by Plaintiffs and others. In those instances, Plaintiffs were not paid for the hours they had reported as overtime. Despite state and federal law prohibiting the reduction of pay rates as a subterfuge to avoid paying overtime premiums, Defendants also informed Plaintiffs that, if they reported overtime, they would receive a decrease in their commission rate. The result of this deceptive practice was that Plaintiffs were required to create false and misleading time records that did not accurately reflect hours worked and meal or rest periods taken.

5
COMPLAINT

17. In the rare instances where Defendants paid Plaintiffs for overtime hours worked, Defendants excluded commissions from the premium rate calculations, in violation of state and federal law.

18. Defendants failed to maintain accurate and indelible records of time worked by employees as required by federal and state law. Defendants utilized timesheets that did not record the time an employee began work or ended work. Throughout much of the Liability Period, Defendants' timesheets did not require employees to indicate the time they left for a meal period or returned from a meal period.

19. Plaintiffs, and each of them, routinely either were unable to have meals while at work or took meals while working at their desks. They routinely were not provided with meal periods wherein they were relieved of all duties.

20. Plaintiffs, and each of them, routinely worked shifts in excess of four, eight and/or twelve hours in a workday without utilizing any of the 10-minute rest periods required by California law throughout the Liability Period.

21. Plaintiffs, and some of them, left their employment with Defendants during the Liability Period. Despite having left employment, these Plaintiffs were not paid all wages due and owing upon termination as required under California law.

## FIRST COUNT

### (Failure to Pay Overtime in Violation of Fair Labor Standards Act)

22. Plaintiffs hereby reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

23. Section 7(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 217(a)(1), provides that "Except as otherwise provided in this section, no employer shall employ any of his employees who in any

workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

24. Exemptions from the requirement to pay overtime are found at Section 13 of the Fair Labor Standards Act. Under 29 U.S.C. § 213(a)(1), employees may be exempt from overtime requirements when employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salesman. However, this exemption does not apply to Plaintiffs because:

   a) Plaintiffs, and all other employees holding the same positions as Plaintiffs, were paid on an hourly rather than a salary basis, thereby destroying any applicable exemption;

   b) Plaintiffs, and all other employees holding the same positions as Plaintiffs, do not satisfy the criteria for either the executive, administrative or professional exemptions;

      1) In excess of 50% of the employees' time is spent performing non-exempt production duties including, but not limited to, routinely originating and processing loans;

      2) Plaintiffs, and all other employees holding the same positions as Plaintiffs, do not "customarily and regularly" exercise sufficient discretion or independent judgment because they must closely follow company policies and guidelines. In addition, they do not make decisions that affect the employing entity as a whole. Rather, the types of decisions made by Plaintiffs and others holding the same position relate to the creation of the products and services offered by Defendants.

      3)      Plaintiffs, and all other employees holding the same positions as Plaintiffs, are or were engaged in "production" duties.

    c)    None of the other exemptions provided under 29 U.S.C. § 213 apply to the Plaintiffs.

25.    Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), states: "Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

26.    Section 17 of the Fair Labor Standards Act 29 U.S.C. § 217 states: "The district courts . . . shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter. . . ."

27.    Therefore, Plaintiffs seek unpaid overtime at the required legal rate, liquidated damages in an equal amount, plus attorney's fees and costs, in addition to injunctive relief, from two years preceding the filing of this lawsuit until the date of judgment after trial, plus interest and costs as allowed by law.

## SECOND COUNT
### (Willful Violation of the Fair Labor Standards Act)

28.    Plaintiffs hereby reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

29. Defendants knew or should have known that Plaintiffs did not qualify as exempt employees and purposely elected not to pay them appropriate premium rates, or any premium rates, for their overtime labor.

30. Defendants' failure to maintain accurate records of hours worked by Plaintiffs was willful and deliberate, and was designed to serve their practice of unlawfully paying less than the overtime compensation required by law.

31. Therefore, Plaintiffs seeks unpaid wages at the required legal rate, attorney's fees and costs, plus liquidated damages, in addition to injunctive relief for an additional year, i.e., from three years immediately preceding the filing of this lawsuit, plus interests and costs as allowed by law, pursuant to 29 U.S.C. § 255(a).

## THIRD COUNT

### (Failure to Pay Overtime as Required by California Law)

32. Plaintiffs hereby reallege and incorporate by reference Paragraphs 1 through 21 as though fully set forth in detail herein.

33. At all times relevant herein, IWC Wage Order No. 4 required the payment of an overtime premium for hours worked in excess of 40 in a given workweek. For the period commencing January 1, 2000 to present, IWC Wage Order No. 4 and California Labor Code section 510 required payment of overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek.

34. Plaintiffs are not and/or were not employees who were exempt from the overtime requirements of California Law.

35. Plaintiffs, and each of them, worked in excess of 8 hours in a given workday, 40 hours in a given workweek, and/or on the seventh day in certain workweeks, for Defendants during the Liability Period.

36. Defendants, and each of them, failed to pay Plaintiffs, and each of them, the correct amount of overtime as required by California law.

37. Defendants' respective failure to pay the correct amount of overtime violates IWC Wage Order No. 4, and California Labor Code sections 510 and 1198, and is therefore unlawful.

38. Because Defendants, and each of them, failed to pay overtime as required by law, Plaintiffs, and each of them, are entitled under California Labor Code section 1194(a) to recover the unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

## FOURTH COUNT

### (Failure to Provide Rest and Meal Periods)

39. Plaintiffs hereby reallege and incorporate by reference Paragraphs 1 through 21, and Paragraph 34, as though fully set forth in detail herein.

40. Plaintiffs regularly worked in excess of five (5) hours a day without being afforded at least one half-hour meal period in which they were relieved of all duty, as required by California law.

41. Plaintiffs, and some of them, worked in excess of ten (10) hours a day without being afforded two (2) meal periods of at least one half-hour each in which Plaintiffs, and some of them, were relieved of all duty, as required by California law.

42.  Plaintiffs, and each of them, routinely worked in excess of four (4) hours a day, or major portion thereof, without being afforded a 10-minute rest period as required by California law.

43.  Plaintiffs, and each of them, routinely worked in excess of eight (8) hours a day without being afforded either or both of the two (2) 10-minute rest periods required by California law.

44.  Plaintiffs, and some of them, worked shifts in excess of twelve (12) hours in a day without being afforded any or all of the three (3) 10-minute rest periods required by California law.

45.  For each time that Plaintiffs were not provided the rest and/or meal period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to IWC Wage Order No. 4 and California Labor Code section 226.7.

46.  Plaintiffs, and each of them, are therefore entitled to payment, in an amount to be proven at trial, for additional pay for each rest and/or meal period that Defendants failed to provide. Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code section 218.5, and interest pursuant to California Labor Code section 218.6.

### FIFTH COUNT
### (Failure to Pay All Compensation Due and Owing at Time of Termination)

47.  Plaintiffs hereby reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

48.  California Labor Code section 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code section 202 requires an employer to promptly pay compensation due and owing to a quitting employee within 72

hours of that employee's notice of resignation. California Labor Code section 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period up to thirty days.

49. Defendants have willfully failed to pay compensation and wages, including both unpaid overtime pay and meal/rest period wage penalties, to Plaintiffs. As a result, Defendants are liable to certain Plaintiffs for wage continuation penalties in an amount to be determined at trial. Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code section 218.5, and interest pursuant to California Labor Code section 218.6.

## SIXTH COUNT
### (Unfair Business Practices)

50. Plaintiffs hereby reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

51. Plaintiffs bring this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described above.

52. Defendants' actions, including but not limited to the failure to maintain accurate employee time records, the policy of reducing compensation to avoid paying overtime premiums, the failure to pay overtime compensation, and the failure to provide rest and meal periods and to pay all monies due at the time of termination of employment, constitute unlawful conduct and violations of law as previously alleged. Such actions are also unfair business practices in violation of California Business and Professions Code § 17200, *et seq.*

53. Plaintiffs are informed and believe that Defendants continue their unlawful and unfair conduct as previously described. As a result of said conduct, Defendants have unlawfully and unfairly obtained monies due to Plaintiffs and are unfairly competing in the marketplace.

54. All others similarly situated to Plaintiffs can be identified by reference to records possessed and controlled by Defendants. Plaintiffs and other persons adversely affected by Defendants unlawful and unfair conduct are entitled to restitution of monies due, as well as disgorgement of the ill gotten gains obtained by Defendants, for a period of four years predating the filing of this Complaint.

55. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to a preliminary and permanent injunction enjoining Defendants from continuing the unlawful and unfair practices described above, and to such other equitable relief as is appropriate under California Business and Professions Code § 17203.

56. Plaintiffs are entitled to attorneys' fees and costs for promoting the interests of the general public in causing Defendants to cease their unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure section 1021.5 and any other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the general public, pray for relief as follows:

(a) Judgment for Plaintiffs and against Defendants on all counts;

(b) An award to Plaintiffs of damages in the amount of unpaid overtime wages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law; and

(c) Liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §16(b);

(d) Injunctive relief on the First and Second Counts requiring Defendants to refrain from current and future violations of the Fair Labor Standards Act;

(e) Additional wages for failure to provide required rest and meal periods as required by California law, together with prejudgment interest at the maximum rate allowed by law;

(f) Additional wages for failure to pay all wages due upon termination, together with prejudgment interest at the maximum rate allowed by law;

(g) For disgorgement and restitution on the Sixth Count, pursuant to California Business and Professions Code § 17203;

(h) For injunctive relief on the Sixth Count forbidding Defendants from continuing their unlawful and unfair business practices;

(i) For an award of reasonable attorney's fees, costs and expenses incurred pursuant to the Fair Labor Standards Act, California Labor Code sections 218.5 and 1194, and California Code of Civil Procedure section 1021.5;

(j) For costs of suit incurred herein; and

(k) For such other and further relief as this Court deems just and proper.

Dated: May 1, 2003

_____
RICHARD C. RYBICKI
RYBICKI & BLEVANS, LLP
Attorneys for Plaintiffs
ERIK BREISACHER, GLORIA DELLEPERE, ANTHONY EBRIGHT, ROBERT GRIJALVA, SHERRY NEGRETE, JASON OLDFIELD, DEBBIE JOHNSON, DIANA MITCHELL, ROBIN ROTH, THOMAS STARK and TODD STEVENS

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16(c), the undersigned certifies that as this date, other than the named parties (and their spouses/immediate family members) there is no such interest to report.

Dated: May 1, 2003

_____
RICHARD C. RYBICKI
RYBICKI & BLEVANS, LLP
Attorneys for Plaintiffs
ERIK BREISACHER, GLORIA DELLEPERE, ANTHONY EBRIGHT, ROBERT GRIJALVA, SHERRY NEGRETE, JASON OLDFIELD, DEBBIE JOHNSON, DIANA MITCHELL, ROBIN ROTH, THOMAS STARK and TODD STEVENS